**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PETRA DRYSDALE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**UNITED STATES,**<br><br>    **Defendant.** | Civ. No. 21-15209 (KM) (CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Pending before the Court is a motion for a temporary restraining order ("TRO") filed by Plaintiff Petra Drysdale against Defendant the United States. (DE 3.) For the following reasons, the motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff alleges that she is experiencing "thought imaging," in which her undivulged thoughts appear externally, such as in social media posts. (DE 1 ¶¶ 11–13.) For example, she drank coffee and thought that it gave her a strange feeling in her throat, and "[a]lmost immediately" she saw a Twitter post about panic attacks in the throat. (DE 3-4 ¶ 3.) In an affidavit, she lists six such incidents in the two weeks prior to filing her motion for a TRO. (*Id.* ¶¶ 1–6.) She also alleges that she is being stalked and suggests that the stalking is related to the thought imaging. (DE 1 ¶¶ 3–8.)

She alleges that thought imaging is accomplished by technology. (*Id.* ¶ 9.) She suggests that the United States Government is using such technology against her. (*Id.* ¶ 13.) Accordingly, she alleges that such action (1) violates the Fourth Amendment, (2) violates the Eighth Amendment, (3) violates the Privacy Act of 1974, 5 U.S.C. § 552a, and (4) deprives her of substantive due process. (*Id.*)

## II. STANDARD OF REVIEW

A district court may issue injunctive relief in the form of a TRO. Fed. R. Civ. P. 65(b)(1). A TRO is issued without notice to the adverse party but usually expires after 14 days. Fed. R. Civ. P. 65(b)(1), (2). Accordingly, "TROs are ordinarily aimed at temporarily preserving the status quo" until a hearing can be held. *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020).

For a TRO to issue, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." Fed. R. Civ. P. 65(b)(1)(A). In addition, courts ask whether the movant can show "a likelihood of success on the merits of [her] claim." *Durel B. v. Decker*, 455 F. Supp. 3d 99, 106 (D.N.J. 2020). If irreparable harm and likelihood of success on the merits are shown, the court considers the balance of the equities. *Id.*

## III. DISCUSSION

Plaintiff is not entitled to a TRO for two key reasons.

First, she has not "clearly show[ed]" a likelihood of success on the merits or "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). Her affidavit lists a handful of recent, prior incidents of alleged thought imaging. But there is nothing to suggest that the United States Government is responsible for these incidents. What is more, there is nothing to suggest that the Government has plans to engage in such thought imaging in the immediate future. Finally, she labels these incidents as involving involuntary thought imaging, but the Court is not able to reasonably conclude that anything other than ordinary coincidence is at work here. Factual allegations, to survive a motion to dismiss, must be plausible, and to support injunctive relief, must demonstrate a likelihood of success on a recognized cause of action. I know of no accepted mechanism by which a person's private thoughts could be, *e.g.*, transmitted to the social media accounts of others; at least there is no mechanism that is so generally or scientifically accepted that I can use it as a basis to grant injunctive relief on an emergent basis. The showing on both the likelihood of

success and immediate and irreparable injury prongs must be more concrete. *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992).

Second, and relatedly, because the plaintiff has not provided any basis from which to even speculate that the Government is responsible, she likely has not presented a case over which this court has jurisdiction. To invoke this Court's jurisdiction, she must show an injury that is traceable to the defendant, *i.e.*, standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). In other words, standing is a prerequisite to any of her claims. *See id.* Besides a single, vague allegation in the complaint, there is nothing to suggest that the Government caused her prior incidents. Although I will not dismiss her case on jurisdictional grounds without further opportunity for development of this issue, I currently doubt that she has standing, which is reason enough to deny a TRO. *See Bognet v. Sec'y Commw. of Pa.*, 980 F.3d 336, 364 (3d Cir. 2020) (affirming denial of TRO for lack of standing), *vacated as moot sub nom. Bognet v. Degraffenreid*, --- S. Ct. ---, 2021 WL 1520777 (U.S. Apr. 19, 2021) (Mem); *Scott v. Family Dollar Stores*, No. 20-cv-773, 2020 WL 7296780, at *5–6 (W.D. Pa. Dec. 11, 2020) (denying TRO for lack of standing).

## IV. CONCLUSION

For the reasons set forth above, the motion for a TRO is denied.

A separate order will issue.

Dated: August 26, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**